# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

David H. Thompson                1523 New Hampshire Avenue, N.W.                (202) 220-9600
dthompson@cooperkirk.com              Washington, D.C.  20036                   Fax (202) 220-9601

October 1, 2025

**VIA CM/ECF**
Molly C. Dwyer, Clerk of Court
United States Court of Appeals
   for the Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA  94103

RE: *Miller v. Bonta*, No. 23-2979

Dear Ms. Dwyer:

The Sixth Circuit's decision in *United States v. Bridges*, 150 F.4th 517 (6th Cir. 2025), supports holding California's ban on common semiautomatic firearms unconstitutional. *Bridges* held that the federal law prohibiting machinegun possession comports with the Second Amendment, but in so doing, it treated machineguns as within the plain text of the Amendment, explaining that, under *Heller*, a machinegun "is undoubtedly an 'Arm[]' that one can 'keep and bear.'" *Id.* at 524. So too here. *Heller* compels the conclusion that so-called "assault weapons" are "arms" within the plain text because *all* firearms are. *See* Pls.-Appellees' Suppl. Br., Doc. 69.1 at 7–8 (Apr. 23, 2025) ("Br.").

Of course, the Supreme Court's precedents hold that an "arm" may still be banned if a valid historical tradition supports it. *Bridges* demonstrates that no tradition does so here. Judge Nalbandian, concurring in part and in the judgment, conducted a fulsome historical analysis and demonstrated that the 19th century laws which restricted Bowie knives and other concealable weapons, as well as the cases upholding those laws, drew a distinction between "dangerous and unusual arms" and "weapons commonly used for lawful purposes," *Bridges*, 150 F.4th at 537 (citation omitted) (Nalbandian, J., concurring in part), and if an arm was "both particularly dangerous but also in common use for lawful purposes …. the weapon warranted

# Cooper & Kirk
### Lawyers

Molly C. Dwyer, Clerk
October 1, 2025
Page 2 of 2

constitutional protection," *id.* at 540. That analysis confirms that if an arm is common, it cannot be banned, full stop, Br. 8. Indeed, applying this analysis to AR-15s, Judge Nalbandian concluded that because "semiautomatics" are "'commonly available' in many states," that "should shield them [from bans] under the common-use test." *Bridges*, 150 F.4th at 548 (Nalbandian, J., concurring in part) (quoting *Garland v. Cargill*, 602 U.S. 406, 430 (2024) (Sotomayor, J., dissenting)).

                          Sincerely,

| | |
|---|---|
| John William Dillon | /s/ David H. Thompson |
| DILLON LAW GROUP, APC | David H. Thompson |
| 2647 Gateway Road | Peter A. Patterson |
| Suite 105 | Clark L. Hildabrand |
| Carlsbad, CA 92009 | COOPER & KIRK, PLLC |
| jdillon@dillonlawgp.com | 1523 New Hampshire Ave., NW |
| | Washington, D.C. 20036 |
| George M. Lee | (202) 220-9600 |
| SEILER EPSTEIN LLP | dthompson@cooperkirk.com |
| dthompson@cooperkirk.com | |
| 4 Embarcadero Center | |
| 14th Floor | |
| San Francisco, CA 94111 | |
| (415) 979-0500 | |
| gml@sezalaw.com | |

                          *Counsel for Plaintiffs-Appellees*

cc: All counsel of record via ACMS