*ROB BONTA*  
*Attorney General*

State of California  
DEPARTMENT OF JUSTICE

300 S. SPRING STREET, SUITE 1702  
LOS ANGELES, CA 90013-1230

Public: (213) 269-6000  
Telephone: (213) 269-6177  
Facsimile: (916) 731-2144  
E-Mail: Robert.Meyerhoff@doj.ca.gov

October 9, 2025

Molly Dwyer, Clerk of Court  
Office of the Clerk  
United States Court of Appeals for the Ninth Circuit  
P.O. Box 193939  
San Francisco, CA 94119-3939

RE: *Miller v. Bonta*, No. 23-2979

Dear Ms. Dwyer:

  The Attorney General submits this letter in response to the Plaintiffs-Appellees' October 1, 2025 letter regarding *United States v. Bridges*, 150 F.4th 517 (6th Cir. 2025). Contrary to their assertions, the *Bridges* decision does not support the conclusion that California's restrictions on assault weapons are unconstitutional.

  As an initial matter, *Bridges* affirmed the constitutionality of the federal law banning the possession of unregistered machine guns. 150 F.4th at 519. The court in *Bridges* had little trouble concluding that machineguns "are both dangerous and unusual," and are "not weapons typically possessed by law-abiding citizens for lawful purposes," and thus regulation of them "is consistent with the Nation's historical tradition of firearms regulation." *Id*. at 528–29. And in doing so, the Sixth Circuit repeatedly cited to *Bianchi v. Brown*, 111 F.4th 438 (4th Cir. 2024), a case which *affirmed* the constitutionality of assault weapons restrictions. *Bridges*, 150 F.4th at 527–58.

  Even though both the ultimate holding and underlying reasoning of *Bridges* do not support their position, Plaintiffs-Appellees nonetheless argue that the decision supports their claims for two reasons, both unavailing. First, the court in *Bridges* conducted its common-use analysis at step two, not one, of the *Bruen* analysis. 150 F.4th at 528–29. But *United States v. Alaniz*, 69 F.4th 1124 (9th 2023), which is binding law in this Circuit, places the "common use" question at the "step one . . . threshold inquiry." *Id*. at 1128; s*ee Duncan v. Bonta*, 133 F.4th 852, 866 (9th Cir. 2025) (en banc) ("*Alaniz* remains good law.").

  Second, Plaintiffs-Appellees cite to the concurring opinion's historical analysis at step two of the *Bruen* test. But "concurring opinions have no binding precedential value," *Duarte v. City of Stockton*, 60 F.4th 566, 574 (9th Cir.), particularly where, as here, the rationale the

October 9, 2025
Page 2

concurring opinion is cited for, *i.e.*, that "if an arm is common, it cannot be banned, full stop," Letter at 2, was rejected by the majority opinion. *See Bridges*, 150 F.4th at 526 (analysis "requires more than simply contrasting the number of that kind of weapon against the total number of firearms").

                                Sincerely,

                                */s Robert Meyerhoff*
                                ROBERT MEYRHOFF
                                Deputy Attorney General

                    For    ROB BONTA
                            Attorney General

RM: